UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL B., | Case No. 21-CV-1043 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Michael B. sued the Acting Commissioner of Social Security after the denial of his application for disability benefits and supplemental security income. Each party moves for summary judgment. (ECF Nos. 22, 24.) In a Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends granting Plaintiff's motion and denying the Acting Commissioner's motion. (ECF No. 27 ("R&R") at 16.) The Acting Commissioner objects. (ECF No. 28 ("Obj.").) After a *de novo* review, the Court accepts the R&R as modified below.

In the R&R, Judge Brisbois determined that the administrative law judge ("ALJ") did not explain why she found Plaintiff's medical-experts' opinions unpersuasive, violating 20 C.F.R. Section 404.1520c. (R&R at 11–12.) Judge Brisbois also determined that the ALJ glossed over an expert opinion when she concluded that Plaintiff did not have a

listed impairment, violating 20 C.F.R. Section 404.1527(d)(2).[1] (*Id.* at 15.) Given those errors, the R&R recommends a remand because the Court cannot determine whether substantial evidence supports the ALJ's findings. (*Id.* at 15–16.) The Acting Commissioner maintains that the ALJ addressed the experts' opinions, Plaintiff does not have a listed impairment, and any error is harmless.

Because the Acting Commissioner objects, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). When reviewing an ALJ's decision to deny benefits, the Court generally asks whether "substantial evidence in the record as a whole supports the ALJ's decision." *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). "The failure to comply with SSA regulations," however, "is legal error" that warrants remand. *Lucas v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (explaining that "the error was not harmless because 'we cannot determine whether the ALJ would have reached the same decision denying benefits, even if [s]he had followed the proper procedure'" (citation omitted)).

**I.     Medical Opinions of Dr. Moseley, Dr. Risse, and Ms. Mason**

Section 404.1520c governs the weight of medical-opinion evidence in Social Security cases. An ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." § 404.1520c(a). Rather, the ALJ

---

[1] The R&R cites Section 404.1527(e)(2), but it quotes Section 404.1527(d)(2). (R&R at 15.)

evaluates the persuasiveness of the opinion by considering five factors. *Id.* Those factors include the opinion's (1) supportability and (2) consistency with other evidence, (3) the physician's relationship with the claimant and (4) specialization, and (5) other factors such as familiarity with other evidence and the SSA's policies. § 404.1520c(c)(1)–(5).

The "most important factors" are supportability and consistency. § 404.1520c(b)(2). An ALJ must therefore "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the claimant's] determination or decision." *Id.* By contrast, the other factors generally need not be discussed, unless the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same." § 404.1520c(b)(3).

Here, the ALJ discussed the opinions of Dr. Moseley, Dr. Risse, and Ms. Mason, three experts who gave statements suggesting that Plaintiff has a disability and cannot work. (ECF No. 17-2 at 22–23.) As for consistency, the ALJ explained that "the evidence supports a finding of some level of mental limitation," but she found the experts' opinions "unpersuasive" because they were "inconsistent with the evidence which reflects reasonable mental stability over time as well as good retained ability for independent everyday functioning." (*Id.* at 23.) The ALJ contrasted the opinions with a "record reflect[ing] little medical care after" the experts' diagnoses. (*Id.* at 20.) The ALJ also cited evidence that Plaintiff's neuropsychological evaluation around that time was

similar to his evaluation several years earlier—back when Plaintiff was substantially gainfully employed. (*Id.* at 23.) The Court therefore concludes that the ALJ adequately articulated how she determined that the opinions were inconsistent with the evidence.

But the ALJ erred by failing to articulate how she considered the supportability factor. The ALJ's order never discusses how well the experts supported or explained their opinions. (*Id.*); *see also* § 404.1520c(b)(2) (requiring an explanation of supportability). And that is a legal error that warrants a remand. *Lucas*, 960 F.3d at 1070 (remanding due to the failure to comply with SSA regulations); *see also Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam) (reversing a district court's order affirming the denial of disability benefits under *Lucas* because the ALJ articulated only one of the required supportability and consistency factors); *Ayala v. Kijakazi*, -- F. Supp. 3d --, 2022 WL 3211463, at *16 (S.D.N.Y. Aug. 9, 2022) ("[A]n ALJ's failure to properly consider and explain the supportability and consistency factors constitute grounds for remand.")

**II.   SSA Listings 11.02 and 12.02**

The Acting Commissioner also objects to the R&R's conclusion that the ALJ overlooked Dr. Risse's opinion when she determined that Plaintiff does not have a listed impairment (Obj. at 6–8.) The ALJ stated that "no medical expert has opined that the claimant possesses an impairment that equals the severity of a listed impairment, alone or in combination." (ECF No. 17-2 at 14.) But in a psychiatric review technique form, Dr. Risse concluded that Plaintiff met the requirements of Listing 11.02 (epilepsy) and Listing

12.02 (neurocognitive disorders). (R&R at 15; ECF No. 17-10 at 68.) ALJs must "consider opinions from medical sources" about impairments. § 404.1527(d)(2). The ALJ did not comply with this regulation. The Court therefore agrees with the R&R that a remand is appropriate. *See Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 823 (8th Cir. 2008) (remanding when "the record contain[ed] inconsistencies" that the ALJ did not resolve).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Acting Commissioner of Social Security's Objection (ECF No. 28) is SUSTAINED IN PART and OVERRULED IN PART;

2. The Report and Recommendation (ECF No. 27) is ACCEPTED AS MODIFIED;

3. Plaintiff's Motion for Summary Judgment (ECF No. 22) is GRANTED;

4. The Acting Commissioner's Motion for Summary Judgment (ECF No. 24) is DENIED; and

5. The above-captioned case is REMANDED to the Social Security

Administration under 42 U.S.C. Section 405(g) for further proceedings not inconsistent with this order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 26, 2022    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge